E-FILED
Wednesday, 20 October, 2010 01:20:25 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| RODGER DEAN BASSETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09-3231 |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION
---

This matter comes before the Court on Plaintiff Rodger Dean Bassett's Petition for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. '2412 (d/e 18) (Fee Petition). The Court is directed to award fees unless the Court finds that the position of the Defendant Commissioner was substantially justified. 28 U.S.C. § 2412(d). The term "substantially justified" means, "'justified in substance or in the main'- that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988). The determination of whether the Commissioner's position was substantially justified is within the Court's discretion. Id. at 562.

1

In this case, the Court disagreed with the Commissioner's position on two points: (1) the Court could not track how the medical evidence supported the administrative law judge's (ALJ) finding that Bassett's residual functional capacity changed on his 55th birthday from light to sedentary work; and (2) the Court could not track how the evidence supported the ALJ's determination that Bassett's testimony was credible about his condition after his 55th birthday, but not before. <u>Opinion entered July 12, 2010 (d/e 16) (Opinion)</u>, at 12-13. The Commissioner's position with respect to the ALJ's credibility finding could have satisfied a reasonable person. Courts generally do not disturb credibility findings unless they lack any support or explanation in the record. <u>Elder v. Astrue</u>, 529 F.3d 408, 413-14 (7th Cir. 2008). Given this low standard, a reasonable person could have been satisfied with the Commissioner's argument that the ALJ's credibility finding was supported by the record.

The Court also agreed with the Commissioner on two other points: (1) the ALJ adequately discussed the important evidence; and (2) the ALJ's decision not to give the opinions of the treating physician controlling weight was supported by substantial evidence. <u>Opinion</u>, at 13-14. Given that the Court agreed with the ALJ on two points and that a reasonable person could

2

have been satisfied with the Commissioner's position on credibility, the Court finds that the Commissioner's position was justified in the main, or substantially justified. <u>Peirce</u>, 487 U.S. at 552.

THEREFORE, Plaintiff's Rodger Dean Bassett's Petition for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. '2412 (d/e 18) is DENIED.

ENTERED this 20th day of October, 2010

s/ Michael P. McCuskey
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE