UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| RODGER DEAN BASSETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 09-3231 |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## O R D E R

SUE E. MYERSCOUGH., U.S. District Judge:

   This cause is before the Court on the Motion for Authorization of Attorney Fee (d/e 31) filed by Petitioner David Sutterfield, attorney for Plaintiff, Rodgers Dean Bassett.  Petitioner seeks an award of attorney fees in the amount of $8,614.00 pursuant to 42 U.S.C. § 406(b)(1).  Plaintiff has signed a Consent of Plaintiff approving the attorney fee of $8,614.00.  See d/e 31-9.  Defendant has filed a response expressing that Defendant has no objection to Petitioner's request for an award of

attorney fees in the amount of $8,641.00 under 42 U.S.C. § 406(b)(1). See d/e 33. For the reasons that follow, Petitioner's Motion for Authorization of Attorney Fee (d/e 31) is GRANTED.

BACKGROUND

In September 2009, Plaintiff filed a Complaint to Review Decision of Social Security. In July 2010, the Court granted Plaintiff's Motion for Summary Judgment, holding that the "unfavorable portion of the Commissioner's Decision that is subject to the Plaintiff's appeal is reversed and remanded pursuant to sentence 4 of §405(g)" (42 U.S.C. § 405(g)). See Opinion, p. 14-15 (d/e 16).

Thereafter, on September 16, 2010, Plaintiff filed a Motion for Attorney Fees pursuant to Equal Access to Justice Act (28 U.S.C. § 2412 (d) (providing for an award of fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust")). The Court denied the Motion on the ground that the Commissioner's position was justified or substantially justified. See Opinion, p. 3 (d/e 23). Plaintiff appealed,

and, in May 2011, the Seventh Circuit affirmed. See Bassett v. Astrue, 641 F.3d 857 (7th Cir. 2011).

Also in May 2011, according to Petitioner's Motion, the Administrative Law Judge, on remand from this Court, issued a decision favorable to Plaintiff. In August 2011, Plaintiff received a Notice of Change in Benefit setting forth the past-due benefits and advising that an attorney fee representing 25% of the past-due benefits was withheld.

On January 24, 2012, Petitioner filed his Motion for Authorization of Attorney Fee. Petitioner supports his Motion with, among other documents: (1) a copy of Petitioner's contract with Plaintiff providing for an attorney fee of 25% of past-due benefits recovered by Petitioner for Plaintiff and (2) an itemization of attorney time reflecting Petitioner spent 150.91 hours working on the case.

In support of his request for attorney fees in the amount of $8,614.00, Petitioner notes that Plaintiff and his family were due $82,338 in past-due benefits as a result of the appeal of the

Commissioner's ruling[1]. Pursuant to Petitioner's contract with Plaintiff, which provides for an attorney fee of 25% of the past-due benefits recovered, Petitioner would be entitled to an attorney fee of $20,584.50. Petitioner seeks only $8,614.00, which is 10.46% of the past-due benefits awarded.

Petitioner further notes that in September 2011, the Social Security Administration issued an authorization for Petitioner to receive $7,000 as an attorney fee for the totality of Petitioner's work before the Social Security Administration on behalf of Plaintiff. See 42 U.S.C. § 406(a) (providing for fees for representation before the Commissioner of Social Security). Petitioner asserts that if he is awarded the $8,614.00 in attorney fees he seeks, those fees, in addition to the $7,000 received from the Social Security Administration, would result in total fees of $15,614, which is still $10,399.75 less than the fee permitted in accordance with the fee contract between Petitioner and Plaintiff (25% of the total past-due benefits of $104,055, which would have been attorney fees in the

---

[1] Plaintiff was awarded $21,717 prior to the appeal. The total of past-due benefits Plaintiff ultimately recovered was $104,055.

amount of $26,013.75). See Burkey v. Astrue, 2011 WL 1898240, at *1 (N.D. Ill. 2011) (noting that the sum of attorney fees awarded under § 406(a) and § 406(b) may not exceed 25% of a claimant's past-due benefits).

ANALYSIS

When a case before the Court ultimately results in a favorable determination and an award of past-due benefits to the Plaintiff following a remand to the Commissioner, the Court is authorized to award a fee up to an amount equal to 25% of the past-due amount awarded pursuant to 42 U.S.C. § 406(b). 42 U.S.C. § 406(b)(1)(A) (providing that when a court renders a favorable judgment to a claimant, the court may allow as part of its judgment a reasonable attorney fee not to exceed 25% of the past-due benefits to which the claimant is entitled by reason of such judgment). "The fee is payable 'out of, and not in addition to, the amount of [the] past-due benefits.'" Gisbrecht v. Barnhart, 535 U.S. 789, 795 (2002) (quoting 42 U.S.C. § 406(b)(1)).

However, "[t]he time limitation for submitting § 406(b) motions is

something of an unresolved issue." Cox v. Astrue, 2011 WL 2692910, at *1 (N.D. Ind. 2011). That is, § 406(b) does not contain a time limitation for filing a motion for attorney fees. While Federal Rule of Civil Procedure 54(d) requires that a motion for attorney fees be filed no later than 14 days after the entry of judgment, that time limit is "difficult to apply in the context of a § 406(b)" because of the amount of time it takes for the Commissioner to make a decision following remand. Id. (noting that the Third Circuit requires the motion be filed within 14 days of the Commissioner's decision following remand and the Tenth Circuit applies a "reasonable time" standard) (citing cases). The Seventh Circuit has held that "a petition for fees under § 406(b)(1) must be brought within a reasonable time," although this decision was rendered when Rule 54 did not impose a time limit for filing motions for attorney fees. Smith v. Bowen, 815 F.2d 1152, 1156 (7th Cir. 1987) (finding that a motion filed more than one year after district court entered summary judgment and three months after the attorneys were advised orally of the amount of past-due benefits the claimant would receive was filed within a

reasonable time).

Despite the different approaches taken in the other circuits, this Court will continue to follow the Seventh Circuit's "reasonable time" standard as set forth in Smith. Applying the "reasonable time" standard, this Court finds that Petitioner filed his Motion for Authorization of Fees within a reasonable time.

Specifically, Plaintiff received notice of the change in benefits on August 8, 2011. Petitioner filed the Motion for Authorization of Attorney Fees 4½ months later. Part of that delay may have been due to Petitioner's efforts to obtain authorization from the Social Security Administration to receive attorney fees for his work before the Social Security Administration. See Garland v. Astrue, 492 F. Supp. 2d 216, 221 (E.D.N.Y. 2007) (finding nine-month delay was unreasonable and noting that "[s]uch a significant delay might be reasonably justified if the attorney initially sought fees from the Commissioner for his work at the administrative level pursuant to 42 U.S.C. [§] 406(a) prior to seeking an award from federal court" but that there was no indication the attorney

did so).  This Court finds that Petitioner's Motion was filed within a reasonable time.

Having found the Motion timely, the Court must next determine whether Petitioner's fee is reasonable.  Zimmerman v. Astrue, 2011 WL 5980086, at *2 (N.D. Ind. 2011) (requested fee must be reasonable and not in excess of 25% of the past-due benefits).  Petitioner asserts his fee is reasonable given the contingent nature of the representation, the express contract between Petitioner and Plaintiff, Plaintiff's agreement with the fee, and the absence of any reasons why the award would be unjust.

This Court agrees.  This Court further notes that the amount of fees Petitioner seeks, $8,614.00, when added to the $7,000 received for his work before the Social Security Administration, is still less than 25% of the $82,338 in past-due benefits awarded.  See Zimmerman, 2011 WL 5980086, at *3 (finding relevant that the attorney had voluntarily discounted the fee by requesting less than 25% of the past-due benefits and the fee did not exceed 25% even when added to the award to the

attorney who represented the claimant at the administrative level).  In addition, Defendant does not object to Petitioner's motion.  See d/e 33.

CONCLUSION

For the reasons stated, Petitioner's Motion for Authorization of Attorney Fee (d/e 31) is GRANTED.  The Court awards Petitioner fees equal to $8,614.00 of the past-due benefits awarded to Plaintiff and directs Defendant to pay that sum to Petitioner with the remaining amounts paid directly to Plaintiff.

ENTER: January 31, 2012

FOR THE COURT:

           s/Sue E. Myerscough
           SUE E. MYERSCOUGH
         UNITED STATES DISTRICT JUDGE